# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

**James Edward Pingel,**
Petitioner
-vs-
**State of Arizona, et al.,**
Respondents

CV-09-2021-PHX-GMS (JRI)

**REPORT & RECOMMENDATION**
**On Petition for Writ of Habeas Corpus**
**Pursuant to 28 U.S.C. § 2254**

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Waupun Correctional Institution in Waupun, Wisconsin, serving a Wisconsin sentence prior to commencement of a consecutive Arizona sentence, filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on January 5, 2010 (Doc. 6). On May 24, 2010 Respondents filed their Answer (Doc. 17), an Expansion of the Record on September 24, 2010 (Doc. 23) and a Supplemental Response ("Response to Motion to Collaterally Estop") on October 19, 2010 (Doc. 27). Petitioner filed an Amended Reply on October 12, 2010 (Doc. 25) and a Supplemental Reply ("Motion to Collaterally Estop") on October 12, 2010 (Doc. 26).

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A. FACTUAL BACKGROUND AND PROCEEDINGS AT TRIAL

On October 4, 1988, Petitioner was indicted in Maricopa County Superior Court on

one count of molestation of a child, and one count of sexual conduct with a minor. (Exhibit B, Indictment.) (Exhibits to the Answer, Doc. 17, are referenced herein as "Exhibit ___.") The charges arose out of conduct by Petitioner with a step-daughter, who was under the age of 15. (*Id.*; Exhibit W, Sentencing Memo at 3-4.)

Petitioner entered into a written plea agreement, wherein he agreed to plead guilty to an amended count of attempted sexual conduct with a minor. (Exhibit C, Plea Agreement.) On February 7, 1989, Petitioner was sentenced to lifetime probation, with a jail term of three months as a condition of probation. (Exhibit D, Sentence.)

In 1997, Petitioner's probation officer filed a Petition to Modify Conditions of Probation (Exhibit E), permitting Petitioner to relocate to Wisconsin under the Interstate Compact on Supervision. The petition was granted. (*Id.*)

## B. WISCONSIN CONVICTION

Subsequently, beginning on March 20, 2001, Petitioner was investigated by the Marathon County, Wisconsin, Sheriff's Department on allegations of a new sexual assault on the victim in this case and Petitioner's other stepdaughter. (Exhibit F, Sheriff's Report; Exhibit W, Sentencing Memo.) Petitioner was eventually charged in a four count Information (Exhibit G). The matter proceeded to a jury trial, and Petitioner was convicted. (Exhibit H, R.T. 12/4/03 at 8.)

## C. REVOCATION OF PROBATION

Probation revocation proceedings were instituted in 2001 the Maricopa County Superior Court on the basis of the Wisconsin prosecution. (Exhibit FF, 2nd PCR Pet. at Exhibit 7, Bench Warrant 4/9/01.) On December 4, 2003, Petitioner appeared and admitted committing the crime of sexual assault of a minor in Wisconsin, as well as his conviction of that crime, and thereby violating the terms of his probation. (Exhibit H, R.T. 12/4/03 at 7-8.) His probation was revoked and he was sentenced to an aggravated prison term of 15 years, consecutive to the Wisconsin sentence. (*Id.*)

## D.  FIRST POST-CONVICTION RELIEF / RE-SENTENCING

On January 5, 2004, Petitioner commenced his first post conviction relief (PCR) proceeding by filing his Notice of Post-Conviction Relief (Exhibit I). Counsel was appointed (Exhibit J, M.E. 1/12/04), who eventually filed a PCR Petition (Exhibit K) raising claims that: (1) his plea to the probation violation was not knowing and voluntary because he was not advised of his jury rights under *Apprendi* and *Blakely*; (2) his sentence was a violation of *Blakely* because his sentence was aggravated based upon a judicial finding of his "revictimizing this child," and amounted to a sentence for the violation and not the underlying conviction.

During the briefing process, Petitioner's Wisconsin conviction was vacated.  (*See infra,* subsection E.)  Petitioner filed a Supplement to his PCR Petition (Exhibit P), raising that fact and asserting that his violation was founded solely upon the conviction.

On October 13, 2005, the PCR court denied the claim based upon the vacating of the Wisconsin conviction, but granted the petition based upon *Blakely*.  The court vacated Petitioner's sentence.  (Exhibit S, M.E. 10/13/05.)

The State sought reconsideration (Exhibit T, Mot. Reconsider), which was denied (Exhibit U, M.E. 12/8/05).

On June 8, 2006, Petitioner was re-sentenced to 10 years in prison, consecutive to his Wisconsin sentence, which had in the meantime been re-imposed. (*See infra* subsection E.)

Neither Petitioner nor the state sought review in this PCR proceeding.


## E.  NEW TRIAL IN WISCONSIN PROSECUTION

In the midst of Petitioner's first PCR proceeding, his conviction in the Wisconsin prosecution was vacated, and a new trial ordered.  (Amend Pet. Doc. 6, Exhibit 2, Letter 3/11/05 Wisc. Dept. Correct.)  Petitioner was then retried, convicted on November 14, 2005 on two counts of repeated sexual assault on the same child, and was sentenced to concurrent prison terms of 30 and 20 years.  (Exhibit V, Wisconsin Judgment 11/16/05.)

//

**F.  ADOC SENTENCE CALCULATION**

On July 26, 2005, in the interim between the vacating of Petitioner's Wisconsin Judgment and his re-conviction, the Arizona Department of Corrections sent a letter to the Marathon County, Wisconsin Sheriff's Department, reflecting Petitioner's sentence of 15 years, beginning April 13, 2002, with a parole eligibility date of October 13, 2009 and a sentence expiration date of April 13, 2017.  (Mot. Expand, Doc. 23, Exhibit.)

**G.  SECOND PCR PROCEEDING**

On July 10, 2006, Petitioner filed his second Notice of Post-Conviction Relief (Exhibit AA).  The same PCR counsel was reappointed (Exhibit BB, M.E. 7/25/06), who then moved to (Exhibit CC) and was allowed to withdraw (Exhibit DD, M.E. 8/8/06).  New counsel eventually filed a Notice of Completion of Review (Exhibit EE), asserting an inability to find an issue for review.  Petitioner then filed his *Pro Per* Petition for Post-Conviction Relief (Exhibit FF), which was largely a running narrative of questions and issues, largely focused on the impact of the Arizona sentence being consecutive to the Wisconsin sentence, the calculation of time credits on his sentence while the Wisconsin sentence was vacated, and his inability to post bond.   That Petition made vague references to equal protection and double jeopardy, but cited no federal law.  Petitioner filed a reply (Exhibit HH), citing for the first time the U.S. Constitution, including Article I, Section 9 (no *ex post facto*) and Fifth Amendment Due Process, as well as a series of case citations in federal prosecutions concerning the calculation of time served.

The PCR court denied the petition, finding that Petitioner had already been given credit for all time he spent incarcerated as a result of the Arizona prosecution.  (Exhibit II, M.E.s 8/2/7 and 8/14/17.)

On August 29, 2007, Petitioner was granted an extension of time to file a motion for rehearing or petition for review.  (Exhibit A, Arizona Docket at 6.)   Petitioner purportedly then sent a "Petition for Rehearing and Review" on October 31, 2007, which was apparently

misaddressed to the Arizona Court of Appeals, rather than the Superior Court.[1] (Exhibit JJ, Letter 11/10/07.) The purported motion for rehearing was not responded to nor ruled upon.[2] (Answer, Doc. 17 at 7; Amend. Reply, Doc. 25 at 14-15; Exhibit A, Arizona Docket at 6.)

On December 27, 2007, Petitioner filed a Petition for Review (Exhibit KK) challenging the calculation of credit on his sentence in light of the vacating of the Wisconsin sentence to which the original sentence was to run consecutively. The state responded, arguing that the petition was without merit. (Exhibit GG.)

The Petition for Review was summarily denied. (Order 11/12/08.)

## H. PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Petitioner commenced the current case by filing his original Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on October 5, 2009 (Doc. 1). That Petition was dismissed without prejudice for lack of jurisdiction (Order 12/9/09, Doc. 5), and on January 5, 2010, Petitioner filed the instant Amended Petition (Doc. 6). Petitioner's Amended Petition asserts the following six grounds for relief:

(1) **Time Served Credits** - Petitioner's right to due process and the prohibitions against double jeopardy and multiple punishments were violated because his resentencing on the revocation did not give him the same 1061 days of time-served credit that he had received when he was first sentenced on the revocation and did not give him credit for any time served after the Wisconsin sentence was vacated.

(2) **Double Jeopardy** - The prohibitions against double jeopardy and multiple punishments were violated "by impos[]ing a 2nd

---

[1] Respondents contend the motion for rehearing was effectively filed on November 16, 2007, when Petitioner's letter was received by the Superior Court. (Answer, Doc. 17 at 7.) However, the document filed with the PCR Court was not captioned as a motion or petition for rehearing, and never requested a rehearing, and is marked filed by the clerk of the Superior Court on November 6, 2007. The only filing on that date is docketed as a "Notice of Post-Conviction Relief. (Exhibit A, Arizona Docket at 6.)

[2] The undersigned concludes that Respondents' failure to raise the abstention doctrine under *Younger v. Harris,* 401 U.S. 37, 43-45 (1971), is "a concession that the State's interests will not be offended by our going forward," *Simmons v. Blodgett,* 110 F.3d 39, 41 (9th Cir. 1997), despite the potential pendency of Petitioner's motion for rehearing or new PCR notice in the PCR court.

consecutive[-]to sentence, after I had begun to serve the first consecutive[-]to sentence. Thus impos[]ing 2 consecutive[-]to sentences on 1 CONVICTION and 1 REVOCATION. They are also imposed on 2 different Wisconsin convictions and sentences that are 4 years apart[,] mak[]ing the JUNE 8, 2006 RESENTENCING OF THE REVOCATION. . . MULTIPLE IN NATURE . . . (2 sentence on 1 conviction)."

(3) **Commencement of Sentence** - Petitioner's rights to due process and equal protection were violated "[b]y not allowing me to continue or begin serving . . . the sentence as it was imposed on Dec 4, 2003. CONSECUTIVE TO THE WISCONSIN SENTENCE THAT YOU ARE CURRENTLY Serv[]ing. That was the PROCESS IMPOSED. That Wisconsin sentence was VACATED IN JAN 2005. That was the date that I should have begun or continued to serve my sentence from, and I have an equal ri[ght] to serve that sentence as it was imposed after I had begun serv[]ing it."

(4) **Misapplication of Wrong Sentencing Statute** - Petitioner's due process rights were violated because, at re-sentencing, the State court judge misapplied Arizona Revised Statutes § 13-709, applying subsection (b) rather than subsection (c) of that statute.

(5) **Misapplication of Sentencing Statute** - Petitioner's due process rights were violated because, at re-sentencing, the State court judge failed to apply Arizona Revised Statutes § 13-709(c). Petitioner asserts that his "new sentence should have been calculated as if it had commenced at the time the vacated sentence was imposed."

(6) **Credit for Time on Arizona Detainer** - Petitioner's due process and equal protection rights were violated because he should have received credit on his Arizona sentence for time spent in Wisconsin custody that was attributable to an Arizona detainer.

**Response** - On May 24, 2010, Respondents filed their Response ("Answer") (Doc. 17). Respondents concede the petition is timely, but argue that Petitioner's state remedies on all of his claims are procedurally defaulted, and that they are in essence just state law claims not cognizable on federal habeas review.

**Reply** - On August 9, 2010, Petitioner filed his original Reply (Doc. 20). Petitioner then sought to expand the record (Doc. 21, Motion) to include a letter from the Arizona Department of Corrections concerning his sentence. The Motion was granted and Petitioner was granted leave to amend his reply. (Doc. 22, Order 9/15/10.) Respondents filed the letter on September 24, 2010 (Doc. 23, Motion, Exhibit A.)

Petitioner then filed, on October 12, 2010, his amended reply ("Response to Answer").

- 6 -

Petitioner argues the merits of his claims, and asserts his claims were fairly presented in his Petition for Review to the Arizona Court of Appeals.

**Supplemental Reply** - On October 12, 2010, Petitioner filed a Motion to "Collaterally Estop" (Doc. 26). This motion was construed as a supplement to Petitioner's Amended Reply (Doc. 25), and Respondents' Response (Doc. 27) was construed as a supplement to the Answer (Doc. 17).

Petitioner argues in his Motion (Doc. 26) that his claims are meritorious and his state remedies properly exhausted. Respondents simply re-argue (Doc. 27) that the claims are unexhausted and are non-cognizable state law claims.

## III. APPLICATION OF LAW TO FACTS

### A. EXHAUSTION & PROCEDURAL DEFAULT

Respondents argue that Petitioner's claims were never fairly presented to the state courts, his state remedies were not properly exhausted and are now procedurally defaulted, and thus his claims are barred from habeas review.

### 1. Exhaustion Requirement

Generally, a federal court has authority to review a state prisoner's claims only if available state remedies have been exhausted. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*). The exhaustion doctrine, first developed in case law, has been codified at 28 U.S.C. § 2254(b) and (c). When seeking habeas relief, the burden is on the petitioner to show that he has properly exhausted each claim. *Cartwright v. Cupp,* 650 F.2d 1103, 1104 (9th Cir. 1981)(*per curiam*), *cert. denied,* 455 U.S. 1023 (1982).

### a. Proper Forum/Proceeding

Ordinarily, "to exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir.

1994). Only one of these avenues of relief must be exhausted before bringing a habeas petition in federal court. This is true even where alternative avenues of reviewing constitutional issues are still available in state court. *Brown v. Easter*, 68 F.3d 1209, 1211 (9th Cir. 1995); *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989). "In cases not carrying a life sentence or the death penalty, 'claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.'" *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005)(quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir.1999)).

### b. Fair Presentment

To result in exhaustion, claims must not only be presented in the proper forum, but must be "fairly presented." That is, the petitioner must provide the state courts with a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim. 28 U.S.C. § 2254; *Picard v. Connor,* 404 U.S. 270, 276-277 (1971). A claim has been fairly presented to the state's highest court if the petitioner has described both the operative facts and the federal legal theory on which the claim is based. *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003) (overruled on other grounds, *Robbins v. Carey*, 481 F.3d 1143, 1149 (9th Cir. 2007)).

### c. Application to Petitioner's Claims

Respondents argue that Petitioner must have raised his claims at each level in the state court, and although he raised various federal claims to the Arizona Court of Appeals, his second PCR petition in the trial court did not cite any federal law, and only made vague references to "Equal Protection" and "Double Jeopardy." (Answer, Doc. 17 at 13-14.) Respondents further argue that any federal claims raised in his Reply in support of that PCR Petition would not be fair presentation. (*Id.* at 15.)

In Reply, Petitioner argues that his claims were all fairly presented to the Arizona Court of Appeals, and were fairly presented to the PCR Court in his Petition for Rehearing

and Review, which was never ruled upon. (Amend. Reply, Doc. 25 at 16, 18.) Petitioner also argues that his references to "Equal Protection" and "Double Jeopardy" were adequate to alert the PCR court to the federal nature of his claims. In his supplemental reply, Petitioner makes the same arguments. (Doc. 26 at 4-7.)

**Failure to Present to PCR Court** - Petitioner did not seek review of any claim by the Arizona Court of Appeals in his first PCR proceeding. In his Petition for Review in his second PCR proceeding, Petitioner raised equal protection, due process, and double jeopardy claims. (Exhibit KK.) However, presentation to the Arizona Court of Appeals for the first time is not sufficient to exhaust an Arizona state prisoner's remedies. "Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)). In *Casey v. Moore*, 386 F.3d 896 (9th Cir. 2004), the court reiterated that to properly exhaust a claim, "a petitioner must properly raise it on every level of direct review." *Id.* at 916.

> Academic treatment accords: The leading treatise on federal habeas corpus states, "Generally, a petitioner satisfies the exhaustion requirement if he properly pursues a claim (1) throughout the entire direct appellate process of the state, or (2) throughout one entire judicial postconviction process available in the state."

*Id.* (quoting Liebman & Hertz, *Federal Habeas Corpus Practice and Procedure*, § 23.3b (4th ed. 1998) (emphasis added)).

In Arizona, review of a petition for post-conviction relief by the Arizona Court of Appeals is governed by Rule 32.9, Arizona Rules of Criminal Procedure, which clarifies that review is available for "issues which were decided by the trial court." Ariz. R. Crim. P. 32.9(c)(1)(ii). *See also State v. Ramirez*, 126 Ariz. 464, 468, 616 P.2d 924, 928 (Ariz.App., 1980) (issues first presented in petition for review and not presented to trial court not subject to review).

Accordingly, Petitioner must show that he fairly presented his claims in the first instance to the PCR court.

1     <u>References to Constitutional Theories</u> - Respondents contend Petitioner failed to

2     present his federal arguments to the PCR court.  Failure to alert the state court to the

3     constitutional nature of the claim will amount to failure to exhaust state remedies.  *Duncan*

4     *v. Henry*, 513 U.S. at 366.

5          In his second PCR petition, Petitioner asserted the general facts underlying his current

6     claims.  However, he cited to no federal case law, constitutional provisions, or federal

7     statutes.  It is not enough that all the facts necessary to support the federal claim were before

8     the state courts or that a "somewhat similar state law claim was made." *Anderson v. Harless*,

9     459 U.S. 4, 6 (1982)(*per curiam*).

10    Petitioner did include the following vague references to equal protection:

11         4.  Equal protection.  in Regard's to a Defendants ability to pay bail and
           move forward with per existing sentences ?

12    (Exhibit FF, PCR Pet. at 1 [SIC].)

13         Does a Defendant have equal protection under the law if, the unability

14         of the defendant to make or pay bail, stop's denie's or delays the
           defendants right to serve the sentences imposed on him in a timely

15         manner.

16    (*Id.* at 6 [SIC].)

17    He also included the following reference to double jeopardy:

18         Telling a defendant at re-sentencing that you are not going to accredit
           previously accredited time and that they will have to do that credited

19         time again is double Jeopardy at its purest form and should not be
           allowed to happen.

20    (*Id.* at 6 [SIC].)

21    Petitioner's references to "equal protection" and "double jeopardy" offered no clue

22    whether he was raising a claim under Arizona's equal guarantees, or the U.S. Constitution's

23    guarantees.  "The United States Supreme Court has left open the question whether the

24    invocation of a state constitutional provision is adequate to raise a federal claim under the

25    corresponding federal constitutional clause when the state courts treat both claims in an

26    identical manner." *Casey v. Moore*, 386 F.3d 896, 914 (9th Cir. 2004) (citing *Baldwin v.*

27    *Reese*, 541 U.S. 27 (2004) and *Duncan v. Henry*, 513 U.S. 364, at 366 (1995).) ).  The Ninth

28

                                        - 10 -

Circuit has similarly declined to decide the issue. *See Fields v. Waddington*, 401 F.3d 1018, 1022 (9th Cir. 2005); and *Casey*, 386 F.3d at 914.

Even if identical treatment of the federal and state claims were sufficient, Petitioner's references would be inadequate to fairly present his federal claims. Although the equal protection jurisprudence of the Arizona and Federal governments are "essentially the same," *American Greyhound Racing, Inc. v. Hull*, 146 F.Supp.2d 1012, 1079 (D.Ariz.2001), *over'd on other grounds* 305 F.3d 1015 (9th Cir. 2002) they are not identical, and have different focuses and different historical purposes. *Martin v. Reinstein*, 195 Ariz. 293, 313 at n. 18, 987 P.2d 779, 799 (Ariz.App. 1999). "But raising a state claim that is merely similar to a federal claim does not exhaust state remedies." *Fields v. Waddington,* 401 F.3d 1018, 1022 (9th Cir. 2005).

Similarly, Arizona's double jeopardy jurisprudence is not identical to its federal counterpart. It is true that some Arizona courts have observed that "[t]he double jeopardy protections extended by the Arizona Constitution are coextensive with those provided by its federal counterpart." *State v. Sprang,* 251 P.3d 389, 394 (Ariz.App. Div. 2,2011) (quoting *Lemke v. Rayes*, 213 Ariz. 232, n. 2, 141 P.3d 407, 411 n. 2 (App.2006)). However, showing that the state and federal laws are "coextensive" or "essentially the same" is not sufficient for an ambiguous reference to fairly exhaust state remedies. *Casey*, 386 F.3d at 914. Rather, at a minimum, the state jurisprudence must be "identical" to its federal counterpart.

The Arizona courts have never conceded that Arizona's double jeopardy law was identical to federal double jeopardy law. In 1984, the Arizona Supreme Court addressed the relationship between the Arizona and Federal double jeopardy protections:

> We would ordinarily interpret art. 2 § 10 of the Arizona Constitution, which contains our prohibition against double jeopardy, in conformity to the interpretation given by the United States Supreme Court to the same clause in the federal constitution. The decisions of the United States Supreme Court are binding with regard to the interpretation of the federal constitution; interpretation of the state constitution is, of course, our province. We acknowledge, with respect, that decisions of the United States Supreme Court have great weight in interpreting those provisions of the state constitution which correspond to the federal provisions. We acknowledge that uniformity is desirable. However, the concept of federalism assumes the power, and duty, of independence in

- 11 -

interpreting our own organic law. With all deference, therefore, we cannot and should not follow federal precedent blindly.

*Pool v. Superior Court In and For Pima County,* 139 Ariz. 98, 108, 677 P.2d 261, 271 (1984) (citations omitted). The Court in *Pool* went on to reject the U.S. Supreme Court's formulation of the circumstances required for jeopardy to attach based upon a defendant's motion for mistrial stemming from prosecutorial misconduct, and adopted the formulation proffered by Justice Stevens in his dissent in *Oregon v. Kennedyf*, 456 U.S. 667 (1982), the controlling federal case on the issue. *See also Hernandez v. Superior Court in and for Maricopa County*, 179 Ariz. 515, 522, 880 P.2d 735, 742 (App. 1994) ("Arizona's courts *ordinarily* interpret [Arizona's double jeopardy clause] clause 'in conformity with'...[but] do not follow federal precedent blindly") (emphasis added).

In sum, Petitioner "has not argued or demonstrated that the [state's] courts would treat his state [claims] identically to the federal claims he now asserts." *Casey*, 386 F.3d at 914. Accordingly, Petitioner's bare references to "equal protection" and "double jeopardy" were not sufficient to alert the PCR court to the federal nature of his claims.

<u>Presentation in Reply Brief</u> - Respondents also argue that any attempt to present these claims in Petitioner's reply brief to the PCR Court would not be fair presentation. Petitioner does not address the issue. Respondents have not provided copies of Petitioner's Reply to permit the Court to ascertain whether Petitioner asserted his federal claims therein.

In *State v. Lopez*, the Arizona Court of Appeals held that the appellate rule of waiver of claims not asserted until a reply brief applied as well to PCR petitions, because Ariz. R. Crim. Proc. 32.5 "requires the petition itself to 'include every ground known to him or her for vacating, reducing, correcting or otherwise changing all judgments or sentences imposed upon him or her, and certify that he or she has done so,'" and Rule 32.6(d) requires leave of the court and good cause to amend a petition. 223 Ariz. 238, 240, 221 P.3d 1052, 1053 (App. 2009).[3]

_____

[3] While the decision in *Lopez* was issued after Petitioner's second PCR proceeding was concluded, the limitations of Rule 32.5 and 32.6(b) predate Petitioner's second PCR

- 12 -

Consequently, presentation of his federal claims in that reply would not constitute fair presentation.

<u>Presentation in Motion for Rehearing</u> - Petitioner argues that his federal claims were fairly presented in his "Petition for Rehearing or Review" to the PCR court.  Assuming that Petitioner's November 6, 2007 filing with the PCR court (Exhibit JJ) amounted to a motion for rehearing,[4] presentation of new claims for the first time in a motion for rehearing would not be fair presentation.  "The law is clear that a court will not entertain new matters raised for the first time in a motion for rehearing."  *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App.,1991).  *See* Ariz. R. Crim. Proc. 32.9(a) ("move the court for a rehearing setting forth in detail the ground where it is believed the court erred").

Petitioner also argues that the failure of the PCR court to rule on his "Petition for Rehearing and Review" amounts to exhaustion, citing, *inter alia*, *Currie v. Marsanz*, 281 F.3d 261, 267 (1st Cir. 2002). (Amend. Reply, Doc. 25 at 15.)  However, *Currie* was not concerned with issues of exhaustion or fair presentation, but with tolling of the statute of limitations during the gap between a lower court ruling and a timely petition for review.  Petitioner cites to no authority holding that mere failure of a state court to address a motion for rehearing somehow results in exhaustion of federal claims presented for the first time in such a filing.  While a state court's actually consideration of federal claims on the merits, despite defects in presentation, can result in exhaustion, *see Sandstrom v. Butterworth*, 738 F.2d 1200, 1206 (11th Cir.1984), a mere failure to address the claim at all does not create a fair presentation or render the claim exhausted.

**<u>Summary</u>** -   Accordingly, the undersigned concludes that Petitioner's federal claims were never fairly presented to the state courts, and his state remedies were not properly exhausted.

---

petition. *See* 17 Ariz. Rev. Stat., R. Crim. Proc. 32.5 and 32.6(d) (2005).

[4] *See supra* note 1 and surrounding text (questioning whether filing at Exhibit JJ qualified as motion for rehearing).

## 2. Procedural Default

Ordinarily, unexhausted claims are dismissed *without prejudice*. *Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). However, where a petitioner has failed to properly exhaust his available administrative or judicial remedies, and those remedies are now no longer available because of some procedural bar, the petitioner has "procedurally defaulted" and is generally barred from seeking habeas relief. Dismissal *with prejudice* of a procedurally barred or procedurally defaulted habeas claim is generally proper absent a "miscarriage of justice" which would excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984).

Respondents argue that Petitioner may no longer present his unexhausted claims to the state courts, and thus they are procedurally defaulted. Respondents generally rely upon Arizona's preclusion bar, set out in Ariz. R. Crim. Proc. 32.2(a) and time bar, set out in Ariz. R. Crim. Proc. 32.4(a). (Answer, Doc. 17 at 12-13.)

**Remedies by Direct Appeal** - Under Ariz.R.Crim.P. 31.3, the time for filing a direct appeal expires twenty days after entry of the judgment and sentence. The Arizona Rules of Criminal Procedure do not provide for a successive direct appeal. *See generally* Ariz.R.Crim.P. 31. Accordingly, direct appeal is no longer available for review of Petitioner's unexhausted claims.

**Remedies by Post-Conviction Relief** - Petitioner can no longer seek review by a subsequent PCR Petition. Under the rules applicable to Arizona's post-conviction process, a claim may not ordinarily be brought in a petition for post conviction relief that "has been waived at trial, on appeal, or in any previous collateral proceeding." Ariz.R.Crim.P. 32.2(a)(3). Under this rule, some claims may be deemed waived if the State simply shows "that the defendant did not raise the error at trial, on appeal, or in a previous collateral proceeding." *Stewart v. Smith*, 202 Ariz. 446, 449, 46 P.3d 1067, 1070 (2002) (quoting Ariz.R.Crim.P. 32.2, Comments). For others of "sufficient constitutional magnitude," the State "must show that the defendant personally, "knowingly, voluntarily and intelligently' [did] not raise' the ground or denial of a right." *Id.* That requirement is limited to those

constitutional rights "that can only be waived by a defendant personally." *State v. Swoopes* 216 Ariz. 390, 399, 166 P.3d 945, 954 (App.Div. 2, 2007). Indeed, in coming to its prescription in *Stewart v. Smith*, the Arizona Supreme Court identified: (1) waiver of the right to counsel, (2) waiver of the right to a jury trial, and (3) waiver of the right to a twelve-person jury under the Arizona Constitution, as among those rights which require a personal waiver. 202 Ariz. at 450, 46 P.3d at 1071.[5]

Here, Petitioner's unexhausted claims do not fit within the list of claims identified as requiring a personal waiver. Nor are they of the same character. His double jeopardy claims clearly do not require a personal waiver. *See State v. Spinosa*, 200 Ariz. 503, 29 P.3d 278 (App. 2001). Therefore, it appears that Petitioner's claims would be precluded by his failure to raise them in an earlier proceeding.

<u>Timeliness Bar</u> - Even if not barred by preclusion, Petitioner would now be barred from raising his claims by Arizona's time bars. Ariz.R.Crim.P. 32.4 requires that petitions for post-conviction relief (other than those which are "of-right") be filed "within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later." *See State v. Pruett*, 185 Ariz. 128, 912 P.2d 1357 (App. 1995) (applying 32.4 to successive petition, and noting that first petition of pleading defendant deemed direct appeal for purposes of the rule). That time has long since passed.

<u>Exceptions</u> - Rules 32.2 and 32.4(a) do not bar dilatory claims if they fall within the category of claims specified in Ariz.R.Crim.P. 32.1(d) through (h). *See* Ariz. R. Crim. P. 32.2(b) (exceptions to preclusion bar); Ariz.R.Crim.P. 32.4(a) (exceptions to timeliness bar).

---

[5] Some types of claims addressed by the Arizona Courts in resolving the type of waiver required include: ineffective assistance (waived by omission), *Stewart,* 202 Ariz. at 450, 46 P.3d at 1071; right to be present at non-critical stages (waived by omission), *Swoopes*, 216 Ariz. at 403, 166 P.3d at 958; improper withdrawal of plea offer (waived by omission), *State v. Spinosa*, 200 Ariz. 503, 29 P.3d 278 (App. 2001); double jeopardy (waived by omission), *State v. Stokes*, 2007 WL 5596552 (App. 10/16/07); illegal sentence (waived by omission), *State v. Brashier*, 2009 WL 794501 (App. 2009); judge conflict of interest (waived by omission), *State v. Westmiller*,  2008 WL 2651659 (App. 2008).

Petitioner has not asserted that any of these exceptions are applicable to his claims. Nor does it appear that such exceptions would apply. The rule defines the excepted claims as follows:

> d. The person is being held in custody after the sentence imposed has expired;
> e. Newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence. Newly discovered material facts exist if:
> (1) The newly discovered material facts were discovered after the trial.
> (2) The defendant exercised due diligence in securing the newly discovered material facts.
> (3) The newly discovered material facts are not merely cumulative or used solely for impeachment, unless the impeachment evidence substantially undermines testimony which was of critical significance at trial such that the evidence probably would have changed the verdict or sentence.
> f. The defendant's failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed time was without fault on the defendant's part; or
> g. There has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence; or
> h. The defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt, or that the court would not have imposed the death penalty.

Ariz.R.Crim.P. 32.1.

Paragraph 32.1(d) (expired sentence) generally has no application to an Arizona prisoner who is simply attacking the validity of his conviction or sentence. Here, Petitioner challenges the legality of the sentence imposed by the state court, but does not argue he is simply being held beyond the sentence actually imposed.

In his supplemental reply, titled "Motion to 'Collaterally Estop'"(Doc. 26), Petitioner attempts to convert ADOC's July 25, 2006 letter into a re-sentencing that supercedes the state court's judgment,[6] and reflects the validity of his claims because it demonstrates the commencement of his sentence on April 13, 2002 (rather than upon expiration of his Wisconsin sentence). (Supp. Reply, Doc. 26.) However, that document also reflects that his

---

[6] *But see State v. Neito*, 170 Airz. 18, 821 P.2d 285 (App. 1991) (sentencing judge, not ADOC, sets sentence).

- 16 -

sentence would not expire until April 13, 2017. (Motion, Doc. 23, Exhibit A.)  Accordingly, even assuming the ADOC letter were binding, it would not establish that Petitioner "is being held in custody after the sentence imposed has expired."

Petitioner asserts no newly discovered evidence, and his factual assertions have all been previously argued to the state courts.  Where a claim is based on "newly discovered evidence" that has previously been presented to the state courts, the evidence is no longer "newly discovered" and paragraph (e) has no application.

Paragraph (f) has no application because Petitioner's PCR filings were timely.

Paragraph (g) has no application because Petitioner has not asserted a change in the law since his last PCR proceeding.

Finally, paragraph (h), concerning claims of actual innocence, has no application to Petitioner's procedural claims.  *See State v. Swoopes*, 216 Ariz. 390, 404, 166 P.3d 945, 959 (App. 2007) (32.1(h) did not apply where petitioner had " not established that trial error ...amounts to a claim of actual innocence").

<u>Summary</u> - Accordingly, the undersigned must conclude that review through Arizona's direct appeal and post-conviction relief process is no longer possible for Petitioner's unexhausted claims, and that the unexhausted claims are now procedurally defaulted, and absent a showing of cause and prejudice or actual innocence, must be dismissed with prejudice.


**3.  Cause and Prejudice**

If the habeas petitioner has procedurally defaulted on a claim, or it has been procedurally barred on independent and adequate state grounds, he may not obtain federal habeas review of that claim absent a showing of "cause and prejudice" sufficient to excuse the default.  *Reed v. Ross*, 468 U.S. 1, 11 (1984).

"Cause" is the legitimate excuse for the default.  *Thomas*, 945 F.2d at 1123. "Because of the wide variety of contexts in which a procedural default can occur, the Supreme Court 'has not given the term "cause" precise content.'" *Harmon v. Barton*, 894 F.2d 1268, 1274

(11th Cir. 1990) (quoting *Reed*, 468 U.S. at 13), *cert. denied*, 498 U.S. 832 (1990). The Supreme Court has suggested, however, that cause should ordinarily turn on some objective factor external to petitioner, for instance:

> ... a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that "some interference by officials", made compliance impracticable, would constitute cause under this standard.

*Murray v. Carrier*, 477 U.S. 478, 488 (1986) (citations omitted).

<u>Cause</u> - Here, Petitioner does not proffer any good cause to excuse his failures to exhaust.

Petitioner complains that he never received a copy of the letter from Arizona Department of Corrections dated July 26, 2005. (Amend. Reply, Doc. 25 at 23.) (*See* Doc. 23, Exhibit A). However, Petitioner does not suggest how the absence of such letter precluded him from asserting his federal claims. Clearly, at the time of his second PCR proceeding Petitioner was fully alerted to the factual issues surrounding the calculation of his sentence. His failure was not in presenting facts or evidence, but in asserting his claims based on those facts under federal law.

The undersigned finds no cause to excuse Petitioner's procedural default.

<u>Prejudice</u> - Petitioner argues that his claims are valid, and thus any failure to exhaust should be overlooked. (Amend. Reply at 17 *et seq.)* However, both "cause" and "prejudice" must be shown to excuse a procedural default, although a court need not examine the existence of prejudice if the petitioner fails to establish cause. *Engle v. Isaac*, 456 U.S. 107, 134 n. 43 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 n. 10 (9th Cir.1991). Accordingly, this Court need not examine the merits of Petitioner's claims or the purported "prejudice" to find an absence of cause and prejudice.

<u>Actual Innocence</u> - The standard for "cause and prejudice" is one of discretion intended to be flexible and yielding to exceptional circumstances, to avoid a "miscarriage of justice." *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986). Accordingly, failure to establish cause may be excused "in an extraordinary case, where a

constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (emphasis added). Although not explicitly limited to actual innocence claims, the Supreme Court has not yet recognized a "miscarriage of justice" exception to exhaustion outside of actual innocence. *See* Hertz & Lieberman, *Federal Habeas Corpus Pract. & Proc.*, §26.4 at 1229, n. 6 (4th ed. 2002 Cumm. Supp.). The Ninth Circuit has expressly limited it to claims of actual innocence. *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008). Here, Petitioner makes no pretense of asserting his actual innocence.

**4. Summary re Exhaustion**

Petitioner failed to fairly present his federal claims at each stage of the state court PCR proceedings. His state remedies are now procedurally defaulted, and Petitioner has not offered cause nor argued his actual innocence to excuse his procedural default. Accordingly, Petitioner's claims must be dismissed with prejudice.

## IV. CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the

constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. To the extent that Petitioner's claims are rejected on procedural grounds, under the reasoning set forth herein, the undersigned finds that "jurists of reason" would not "find it debatable whether the district court was correct in its procedural ruling." Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Amended Petition for Writ of Habeas Corpus, filed January 4, 2010 (Doc. 6) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that to the extent the reasoning of this Report & Recommendation is adopted, that a certificate of appealability **BE DENIED**.

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to *Local Civil Rule 7.2(e)(3),* unless otherwise permitted by the Court, an objection to a Report and Recommendation shall not exceed ten (10) pages. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

DATED: October 17, 2011

_____
JAY R. IRWIN
United States Magistrate Judge